UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARION DION FREDERICK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:24-cv-01469 (UNA) |
| SNAPCHAT, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Currently before the Court is Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. For the reasons explained below, the Court denies Plaintiff's IFP application and dismisses this matter without prejudice.

First, relevant here, parties instituting a civil action are required to pay the applicable filing fee unless granted IFP status. *See* 28 U.S.C. §§ 1914, 1915. Whether to permit or deny an application to proceed IFP is within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26, 2006). An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *McKelton v. Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). But a party should demonstrate that because of poverty, the party cannot "pay or give

security for the costs . . . and still be able to provide [for] the necessities of life." *Id*. at 719–20 (internal quotation marks omitted).

Here, in his IFP application, Plaintiff asserts that none of the categories are applicable, and provides no information whatsoever to establish that he is unable to submit the filing fee for this matter. *See generally* IFP App. The Court thus finds that Plaintiff has not made the requisite showing to proceed IFP.

Second, and in any event, this case cannot otherwise survive. Plaintiff sues Snapchat. Compl. at 1. The complaint contains a single statement: "victim of defamation, cyberattacks, and privacy infringement." *Id*. It contains no other facts, context, or details necessary to state, or even so much as infer, a legal claim. Indeed, it is unclear what harm Plaintiff has suffered or when it occurred, who committed any such harm, or what relief he may seek.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor Defendant can reasonably be expected to identify Plaintiff's claims, and the allegations fall well short of stating a plausible claim.

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: July 18, 2024

_____
TREVOR N. McFADDEN
United States District Judge